UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KATHY NADINE SHAFF,            )
                               )
         Plaintiff,            )    3:12-cv-0206-LRH-VPC
                               )
   v.                          )
                               )    ORDER
UNITED STATES OF AMERICA,      )
                               )
         Defendant.            )
                               )

Before the court is defendant the United States of America's ("United States") motion to dismiss second amended complaint. Doc. #42.[1] Pro se plaintiff Kathy Nadine Shaff ("Shaff") filed an opposition (Doc. #44) to which the United States replied (Doc. #45).

**I.   Facts and Background**

Plaintiff Shaff, a veteran, filed suit against the United States alleging that she received negligent medical treatment at the Veteran's Administration Medical Center in Reno, Nevada. *See* Doc. #1. In response, the United States filed a motion to dismiss arguing that Shaff failed to provide an affidavit from a medical expert supporting her allegations as required by NRS 41A.071. *See* Doc. #6. The court agreed, but because Shaff contended that it was her intent to file a civil rights complaint - and not a medical negligence complaint - the court granted her leave to file an

---

[1] Refers to the court's docket entry number.

1   amended complaint. *See* Doc. #17.

2   On August 14, 2012, Shaff filed an amended civil rights complaint. Doc. #18. In response,
3   the United States filed a renewed motion to dismiss arguing Shaff failed to allege any actual claims
4   against the United States. Doc. #19. The court agreed, but granted Shaff leave to file a final
5   amended complaint "alleging specific causes of action that identify what civil right, if any, was
6   violated and what federal statute supports that cause of action." Doc. #23.

7   Subsequently, on July 8, 2013, Shaff filed her second amended complaint. Doc. #41.
8   Thereafter, the United States filed the present motion to dismiss. Doc. #42.

9   **II.    Legal Standard**

10  Defendant the United States seeks dismissal pursuant to Federal Rule of Civil Procedure
11  12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to
12  dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure
13  8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,
14  1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim
15  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading
16  standard does not require detailed factual allegations; however, a pleading that offers "'labels and
17  conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.
18  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
19  544, 555 (2007)).

20  Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
21  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting
22  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows
23  the court to draw the reasonable inference, based on the court's judicial experience and common
24  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
25  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

26

defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III. Discussion**

In her second amended complaint, Shaff seeks monetary damages against the United States pursuant to claims brought under Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), and the Civil Rights Act of 1991. *See* Doc. #41.

In its motion to dismiss, the United States argues that monetary damages are not an available remedy against the United States under either the Rehabilitation Act or the ADA. *See* Doc. #42. Further, the United States argues that Shaff is not covered by the Civil Rights Act of 1991. *Id*. The court agrees.

Shaff's second amended complaint fails to state a claim as a matter of law as the statutes identified by Shaff do not allow an award of monetary damages against the United States. In *Lane v. Pena*, 518 U.S. 187 (1996), the United States Supreme Court specifically held that in enacting the Rehabilitation Act, Congress did not waive the federal government's sovereign immunity from monetary damages. 518 U.S. at 192. Similarly, the United States has not waived its sovereign

immunity under the ADA as the remedies provision under Section 203 of the ADA is the same as Section 505 of the Rehabilitation Act. *See* 42 U.S.C. § 12132. Thus, Shaff has failed to allege a claim under these statutes upon which relief can be granted.

As to her claim under the Civil Rights Act of 1991, Shaff's complain similarly fails to state a claim upon which relief can be granted. The Civil Rights Act of 1991 was enacted to amend the Civil Rights Act of 1964 to strengthen civil rights laws that ban discrimination in the *employment* context. Shaff is not, nor has she ever been, an employee of the Veteran's Administation. As such, the auspices of the Civil Right Act of 1991 do not provide her a claim for relief against the United States. Therefore, the court shall grant the United States' motion and dismiss Shaff's second amended complaint in its entirety.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #42) is GRANTED. Plaintiff's second amended complaint (Doc. #41) is DISMISSED in its entirety.

DATED this 18th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE